**Leroy W. FREDERICK, Appellant,**

v.

**ACTION TIRE COMPANY and Barry William Briceland, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1999.
Filed Dec. 28, 1999.

Vaughn A. Booker, Lansdale, for appellant.

Louis C. Long, Pittsburgh, for appellees.

Before EAKIN, LALLY–GREEN and BROSKY, JJ.

EAKIN, J.:

¶ 1 Leroy W. Frederick appeals the order granting summary judgment in favor of Action Tire Company and Barry William Briceland. We affirm.

¶ 2 Frederick alleged he was struck by a van owned by Action Tire and operated by Briceland, while in the course of his employment with Taylor Milk Company on November 2, 1992. He claimed injuries to his left hip and buttocks and a herniated disc. He initially was treated and released at an emergency room and subsequently treated by several physicians. In December of 1993, Frederick underwent surgery, a microlumbar discectomy, and underwent a second surgery in April of 1994, to check for infection or disc rupture. The surgeries were performed by Dr. Robert Baker, a board certified neurological surgeon. A third surgery, a spinal fusion, was performed in August of 1994, by neurosurgeon Dr. William Welch.

¶ 3 Frederick filed a workers' compensation claim December 14, 1992, seeking disability payments from the date of the accident plus payment of medical bills. Over the next two years, ten hearings were held on the petition. The workers' compensation judge issued a decision January 19, 1996, dismissing Frederick's claim; the judge found his testimony regarding his injury neither reliable nor credible. She observed him over those two years, and noted he did not appear to be in discomfort until after the surgeries by Dr. Baker, when he "for the first time seemed truly in pain and miserable." Workers' Compensation Decision, 1/19/96, at 6. She further stated "Dr. Baker did not examine the claimant until well over one year after the incident, and finds a causal connection to a work-related injury based on the claimant's version of the 1992 incident and nothing more." *Id.*

¶ 4 Dr. Baker testified surgery was done at Frederick's insistence. The judge found it "apparent from Dr. Baker's testimony that claimant was treating with other physicians and his medications and orthopedic appliances were not being coordinated and were being misused." *Id.* The judge concluded Frederick was disabled by "the grossly unnecessary testing and treatment ... but the cause of that was not an incident at work on November 2, 1992." *Id.* The judge found credible the testimony of Dr. Cynthia Di-Mauro, who examined Frederick three days after the accident and found no bruising. She examined him again one year later and had consistent findings. The judge found Frederick did not sustain a disabling injury on November 2, 1992, and that none of the subsequent medical treatment was related to that incident. She issued these conclusions of law:

2. The claimant, Leroy W. Frederick, has failed to meet his burden of proving that he was injured in the course of his employment and disabled.

3. While it is accepted as a fact that the claimant was involved in a work-related accident, it did not rise to the level of an injury or disable the claimant from his job. Viewing the evidence and testimony, both lay and medical, from a totality of the circumstances standpoint the act of the van hitting the claimant did not cause an injury that made him unable to do his job or which left him with a latent defect that would only manifest itself through time.

* * *

5. Claimant's medical treatment was not causally related to any work injury and cannot be seen as reasonable and necessary under any circumstances.

Workers' Compensation Decision, at 7. The Workers' Compensation Appeal Board affirmed the judge's decision, finding sufficient competent evidence to support her findings of fact and no error of law. Frederick did not appeal this decision to the Commonwealth Court.

¶ 5 On March 18, 1996, Frederick filed a claim for Social Security disability benefits, alleging an inability to work as of December 13, 1993. The claim was denied, but after a hearing the administrative law judge found in Frederick's favor on September 22, 1998. That judge found Frederick suffered a severe impairment of the spine, was unable to perform his former work as a truck driver and machine operator, and could not make a successful vocational adjustment to work. The judge found Frederick had been under a disability since December 13, 1993.

¶ 6 Between his two administrative claims, on September 29, 1994, Frederick filed a negligence action against appellees Action Tire and Briceland. Frederick elected the limited tort provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701, *et seq.;* he is not eligible for non-

economic damages unless he sustained "serious injury," which the MVFRL defines as one "resulting in death, serious impairment of body function or permanent disfigurement." 75 Pa.C.S. § 1702. On August 20, 1998, appellees filed a motion for summary judgment, asserting Frederick's claim was collaterally estopped. On October 26, 1998, Frederick filed a motion for summary judgment, claiming the Social Security decision should be given preclusive effect in the tort action, by virtue of the tougher standard and burden of proof in that proceeding. By Order of January 13, 1999, the trial court denied Frederick's motion, granted the motion of Action Tire and Briceland, and entered judgment in their favor. This timely appeal followed, in which Frederick raises four issues:

1. Did the Lower Court commit error and abuse it's [sic] discretion when the Judge applied the Doctrine of Collateral Estoppel and granted Summary Judgment in favor of the Defendants–Appellees, to allow the Workers' Compensation Referee's decision to preclude and bar the Plaintiff–Appellant, from litigating his Third Party tort negligence and damages claim against the Defendants–Appellees?

2. Did the Lower Court commit error and abuse it's [sic] discretion when it failed to allow the Plaintiff–Appellant, to use the Social Security decision of the Administrative Law Judge and denied Plaintiff–Appellant's Motion for Summary Judgment, to act as Collateral Estoppel on the issues of Disability, severe and serious impairment of the spine and body function, as Plaintiff–Appellant is an admitted Limited Tort Plaintiff?

3. When the Court is faced with two conflicting Administrative decisions of fact and/or law, one State and the other Federal, when applying the Collateral Estoppel Doctrine, should the Court carve out an exception to the Collateral Estoppel Doctrine for Policy reasons and/or Preemption reasons and accept the Federal Administrative decision over the State Administrative decision because of the stringent and tougher Federal standards and Regulations or should they both be mooted out and the Court apply neither and give the party their day in Court?

4. Should the Plaintiff–Appellant, who admittedly elected the Limited Tort option, be allowed to remain eligible and seek compensation anyway, for his economic losses or out of pocket expenses, despite the prior Workers' Compensation decision and despite the Trial Court's application of the Collateral Estoppel Doctrine, because of 75 P.C.S.A. [sic] Section 1705(d) and survive Summary Judgment?

Appellant's brief, at 3.

¶ 7 Our review of the trial court's grant of summary judgment is plenary. *Juniata Valley Bank v. Martin Oil Company*, 736 A.2d 650, 655 (Pa.Super.1999). Summary judgment is proper where the pleadings, depositions, affidavits and other materials of record show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Weiner v. American Honda Motor Company*, 718 A.2d 305, 307 (Pa.Super.1998); *see* Pa.R.C.P. 1035.1–1035.5. We must view the record in the light most favorable to the opposing party and resolve all doubts and reasonable inferences as to the existence of a genuine issue of material fact in favor of the nonmoving party. *Telega v. Security Bureau*, 719 A.2d 372, 375 (Pa.Super.1998), *appeal denied,* —— Pa. ——, 742 A.2d 676 (Pa. Aug. 25, 1999). We will reverse the trial court's grant of summary judgment only upon a clear abuse of discretion or error of law. *Tenaglia v. Proctor & Gamble*, 737 A.2d 306, 307 (Pa.Super.1999).

¶ 8 Frederick contends the trial court erred in applying collateral estoppel

to bar his claim. Collateral estoppel is applicable when:

(1) An issue decided in a prior action is identical to one presented in a later action;

(2) The prior action resulted in a final judgment on the merits;

(3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and

(4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K–Mart Corporation*, 552 Pa. 13, 713 A.2d 82, 84 (1998).

¶ 9 The plaintiff in *Rue* was dismissed by K–Mart after store security saw her stealing and eating a package of potato chips. K–Mart did not appeal an unemployment compensation referee's decision granting Rue benefits. Rue then filed a complaint against K–Mart, alleging it defamed her by telling other employees she had stolen from the store. The trial court granted Rue's motion to prevent K–Mart from offering testimony to show she had stolen the potato chips, on the basis of collateral estoppel.

¶ 10 This Court *en banc* reversed and remanded for a new trial, and the Supreme Court affirmed, holding K–Mart did not have a full and fair opportunity to litigate whether Rue stole the chips. The Court found significant differences between unemployment compensation proceedings and civil actions: the unemployment compensation system is designed for brief, informal adjudications, and the amount in controversy generally is minimal from the employer's perspective (providing little incentive for vigorous litigation). The Court also rejected as irrelevant any differences between the policies underlying unemployment proceedings and defamation actions since the issue of whether Rue stole the chips is purely a question of fact. *Rue*, at 85 ("A fact is a fact, regardless of public policy").

¶ 11 The Supreme Court expressly limited its holding to the unemployment compensation context: "It has no bearing on the body of caselaw concerning the preclusive effect of workers' compensation proceedings because of the distinct statutes and procedures at issue in those cases." *Id.*, at 87 n. 4 (citing *Kohler v. McCrory Stores*, 532 Pa. 130, 615 A.2d 27 (1992)(workers' compensation referee's finding of work-related injury had preclusive effect in subsequent negligence action)); *see also Capobianchi v. BIC Corp.*, 446 Pa.Super. 130, 666 A.2d 344 (1995) (workers' compensation referee's finding of no work-related injury had preclusive effect in subsequent products liability action), *appeal denied*, 544 Pa. 599, 674 A.2d 1065 (1996); *Christopher v. Council of Plymouth Township*, 160 Pa.Cmwlth. 670, 635 A.2d 749 (1993)(workers' compensation referee's finding of no work-related disability had preclusive effect in subsequent action on collective bargaining agreement).

¶ 12 In *Capobianchi*, a workers' compensation referee found the cause of the claimant's injuries was degenerative and not a work-related condition. As the referee decided not only that his injuries were not work-related, but also established the cause of those injuries, we affirmed entry of summary judgment against Capobianchi, holding his subsequent products liability claim was barred by principles of collateral estoppel. *Capobianchi*, at 348–49; *see also Grant v. GAF Corp.*, 415 Pa.Super. 137, 608 A.2d 1047 (1992), *aff'd sub. nom.*, *Gasperin v. GAF Corp.*, 536 Pa. 429, 639 A.2d 1170 (Pa.1994)(tort actions against manufacturers and sellers of asbestos-containing products precluded by collateral estoppel where workers' compensation referee determined workers' carcinoma was not related to occupational exposure). Both *Capobianchi* and *Grant* involved application of collateral estoppel in subsequent tort cases against third parties, based on a workers' compensation

decision adverse to the employee on causation and injury.

¶ 13 With respect to the first prong of the *Rue* test, Frederick maintains the issues are not identical. He claims an ambiguity exists in the workers' compensation judge's decision because she did not state he was uninjured; he interprets her decision to conclude he was injured, but not disabled. Simply put, Frederick is wrong. The judge expressly found Frederick's accident *"did not rise to the level of an injury* or disable the claimant from his job." Workers' Compensation Decision, at 7, Conclusion of Law ¶ 3 (emphasis added). She also found "if [Mr. Briceland] did strike the claimant, the impact would not have been enough to cause serious injury" and "[t]he grossly unnecessary medical testing and treatment have truly disabled the claimant, but *the cause of that was not an incident at work on November 2, 1992.*" *Id.,* at 3, Findings of Fact ¶¶ 4, 8 (emphasis added). Plainly the judge found Frederick was not injured, and that the accident was not the cause of the medical problems from which he subsequently suffered.

¶ 14 We agree with the trial court: Frederick "apparently fails to recognize that in order to recover damages in both the workers' compensation case and this tort case, he must prove that he was injured when struck by the Appellee's vehicle." Trial Court Opinion, 3/3/99, at 4. *See, e.g., Martin v. Evans,* 551 Pa. 496, 711 A.2d 458, 461 (1998)("To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage"); *Bortz v. Workmen's Compensation Appeal Board,* 656 A.2d 554, 557–58 (Pa. Commw.1994) (to be eligible for workers' compensation benefits, a claimant must show an accident or injury that arose in the course of employment and is related to that employment (citing 77 P.S. § 411(1)),

*aff'd,* 546 Pa. 77, 683 A.2d 259 (1996)). Even though Frederick identifies at least eight issues in this tort action, proof of injury and causation are required in each, and this has already been decided adversely to him.

¶ 15 Regarding the second prong of the *Rue* test, Frederick concedes his compensation claim resulted in a final judgment on the merits March 21, 1998. The third prong is met as the party against whom collateral estoppel is asserted, Frederick, was a party in the prior proceeding.

¶ 16 With respect to the fourth prong, however, Frederick contends he did not have a fair opportunity to litigate injury and causation in the prior proceeding. Frederick relies heavily on the reasoning in *Rue* that collateral estoppel should not apply where comparable procedures were not available in both actions. Frederick urges us to apply *Rue* to workers' compensation proceedings, insisting the Supreme Court, if confronted with the issue, would extend its reasoning to the workers' compensation context. However, we will not make such an extension, particularly in light of the wording of the court cited above, expressly distinguishing workers' compensation. The fact remains that Pennsylvania appellate courts have consistently held findings in workers' compensation cases may bar relitigation of identical issues in collateral civil actions, even third party tort actions. *See, e.g., Capobianchi, supra; Christopher, supra; Phillips v. A.P. Green Refractories,* 428 Pa.Super. 167, 630 A.2d 874 (1993), *aff'd by, Phillips v. A-Best Products,* 542 Pa. 124, 665 A.2d 1167 (1995); *Grant, supra.* The *Rue* Court expressly declined to disturb this settled line of cases.

¶ 17 Frederick emphasizes the procedural distinctions between workers' compensation proceedings and civil actions. He reasons that neither unemployment compensation nor workers' compensation proceedings are bound by common law, statutory rules of evidence or civil procedure.

Frederick also relies on Section 28 (and Comments (d) and (j) thereto) of the Restatement (Second) of Judgments.[1] The Supreme Court in *Rue* found the circumstances in this Section and Comments present in unemployment compensation proceedings, *Rue* at 86, yet carefully distinguished such proceedings from workers' compensation. *Id.*, at 87 n. 4.

¶ 18 Frederick's contentions that workers' compensation proceedings are informal in nature, involve lesser damages and are tailored to fast adjudication of claims are belied by the record. If Frederick had won his workers' compensation case, he could have recovered two-thirds of his lost wages for the duration of his disability, his outstanding medical expenses and his future medical expenses. See 77 P.S. §§ 511, 531. Frederick identifies $115,000 lost wages and over $132,000 in medical expenses to date. These are hardly insignificant figures, and the record shows he vigorously litigated his claim at ten hearings over three years.

¶ 19 Frederick also contends evidence favorable to him was not presented in the workers' compensation proceedings, specifically, the testimony of Drs. Gary Smith, Milton Klein, Edward James and William Welch, as well as certain expert testimony regarding the severity of the impact. We reject the contention the lack of such testimony denied him a full and fair opportunity to litigate his claim. He had ample opportunity to depose these witnesses and to present their testimony (along with supporting medical records) at the many hearings held on his claim. His unsupported assertion that his attorney had no economic incentive to take these depositions is insufficient to avoid application of collateral estoppel.

¶ 20 Frederick also attempts to challenge the workers' compensation judge's credibility determinations with respect to Drs. DiMauro and Baker. Those credibility determinations were within the judge's role as factfinder, and the Workers' Compensation Appeal Board concluded the judge's findings were supported by the record. Frederick did not seek appellate review of that decision. Our role is only to determine whether the judge's decision may be given preclusive effect under Pennsylvania law.

■ ¶ 21 Frederick next asserts the trial court erred in not giving the favorable Social Security decision preclusive effect. The trial court rejected this argument, finding the third prong of the *Rue* test was not met:

> First, the Social Security Administration may have determined that Appellant is disabled following his spinal surgeries but did not determine that the cause of disability was the motor vehicle accident of November 2, 1992. Second, neither of the Appellees were parties to the Social Security proceedings.

Trial Court Opinion, at 6. Clearly, this determination was not error. The administrative law judge determined Frederick has been under a disability, as defined by the Social Security Act, but did not address the cause of such disability. Action Tire and Briceland, the parties against whom Frederick seeks to assert collateral estoppel, were not parties (nor in privity

---

1. Section 28 sets forth a number of exceptions to the general rule of issue preclusion, including, in pertinent part:

   [A] new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts ... or the party sought to be precluded ... did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

   Restatement of Judgments (Second), §§ 28(3) and (5). Comments (d) and (j), respectively, suggest collateral estoppel should not apply where "the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim" or where "the amount in controversy in the first action may have been so small in relation to the amount in controversy in the second that preclusion would plainly be unfair."

with any party) to the Social Security proceedings. Consequently, they did not have an opportunity to litigate the issues of injury and causation in that forum.

¶ 22 Even if we would conclude a disability for purposes of Social Security proceedings is identical to a serious injury for purposes of the MVFRL's limited tort threshold, as Frederick urges, the administrative law judge did not determine whether such injury was causally related to the November 2, 1992 accident. Since the third and fourth prongs of the *Rue* test are not met, the Social Security decision may not be given preclusive effect.

¶ 23 Frederick contends the trial court violated federal preemption law by giving the state decision priority over the federal decision. That contention is not accurate. What the trial court did was apply the standards for collateral estoppel to determine whether either decision should bar relitigation of issues decided therein. The trial court correctly found the workers' compensation decision should be given preclusive effect, whereas the Social Security decision should not; the court did not find one decision has priority over the other. Moreover we are not persuaded the state and federal decisions conflict with one another, since the Social Security decision found Frederick to be disabled as of a specific date *without regard to the cause of that disability.*

¶ 24 Finally, Frederick asserts he should be entitled to recover his economic damages since the "Limited Tort" issue was not decided by the workers' compensation judge. Frederick relies on the following:

> Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss *sustained in a motor vehicle accident as the consequence of the fault of another person* pursuant to applicable tort law.

75 Pa.C.S. § 1705(D).

¶ 25 Frederick's argument is based on the assumption he sustained economic damages as a result of the accident. However, causation has been decided adversely to him and he is bound by that determination. Whether the damages he seeks are for "serious injury" or mere economic loss, it has been determined he suffered no injury as a consequence of this accident. Therefore, his argument is without merit.

¶ 26 The distinguished trial court did not err or abuse its discretion in granting summary judgment in favor of Action Tire and Briceland, and in denying Frederick's motion for summary judgment.

¶ 27 Judgment affirmed.