Francis NELSON, Appellant,

v.

Gary P. HESLIN, Esquire, individually and d/b/a Law Offices of Heslin & Lam and Dam Q. Lam, Esquire, individually and d/b/a Law Offices of Heslin & Lam and Law Offices of Heslin & Lam, Appellees.

Superior Court of Pennsylvania.

Submitted May 28, 2002.
Filed July 26, 2002.
Reargument Denied Oct. 4, 2002.

Joseph S. Grossman, Philadelphia, for appellant.

Jeffrey B. Albert, Philadelphia, for appellees.

Before: HUDOCK, FORD ELLIOTT and BROSKY, JJ.

BROSKY, J.

¶ 1 Francis Nelson (hereinafter "Appellant") appeals the trial court order granting Appellees' motion for summary judgment in this legal malpractice action. Appellant brought this action against Appellees on the basis that they failed to initiate a third party action against the alleged tortfeasors whose defective product caused Appellant work-related injuries. As will be more fully discussed below, Appellant had previously proceeded with a worker's compensation claim against his employer, which ultimately ended in a denial of benefits by the Worker's Compensation Appeal Board (hereinafter "WCAB"). After Appellant brought suit against Appellees for failing to initiate suit within the applicable period of time, Appellees filed a motion for summary judgment. In support of the motion for summary judgment, Appellees argued that Appellant was collaterally estopped from now relitigating the issue of damages in the underlying action because the WCAB held that Appellant was not disabled. Appellant now appeals the trial court's granting of summary judgment and raises the issue of whether collateral estoppel applies to preclude Appellant from relitigating his injuries in a third-party suit. Under the unique circumstances in this case, we find that it does not, and therefore, we reverse.

¶ 2 The lengthy factual history of this case may be summarized as follows. On September 24, 1996, Appellant was injured in a work-related accident wherein, while attempting to fuel his employer's truck, the diesel pump malfunctioned, and he was covered with fuel. While moving from the pouring fuel, Appellant's body struck the truck thereby twisting his back and hitting his head. Represented by counsel other than Appellees, on February 3, 1997, Appellant filed a worker's compensation claim petition against his employer, Ogden Aviation. In support of his petition, he presented the medical testimony of his treating physician, Arnold Lincow, M.D., who is board certified in family medicine, geriatric medicine, and pain management. After examining Appellant on August 20, 1997 and September 5, 1997, Dr. Lincow diagnosed Appellant as suffering from chronic and severe lumbosacral strain and sprain, post traumatic paravertebral myofascitis/myofascial pain syndrome, lumbar radi-

culopathy/herniated lumbar discs, chronic obstructive pulmonary disease secondary to toxic pneumonitis, chronic toxic dermatitis and chronic post traumatic anxiety stress disorder.

¶ 3 The employer also put forth evidence in opposition to Appellant's claim petition. At the hearing, employer presented the medical testimony of two physicians, Bong S. Lee, M.D. and Gregory C. Kane, M.D. Dr. Lee, who is board certified in orthopedic surgery, testified that Appellant had a normal orthopedic examination and that Appellant "did not have any residuals from orthopedic injuries." WCJ decision, June 30, 1998, at 4. Furthermore, Dr. Kane, who is board certified in internal medicine, pulmonary diseases and critical care medicine, opined that Appellant did not suffer from toxic pneumonitis, pulmonary disease, or chronic obstructive pulmonary disease. WCJ decision at 4.

¶ 4 After considering the testimony of all three physicians, the Worker's Compensation Judge (hereinafter "WCJ") found the employer's expert testimony persuasive. However, he did find a portion of Appellant's treating physician, Dr. Lincow's testimony persuasive as he concluded that Appellant did in fact suffer an injury to the low back resulting in his disability commencing on September 25, 1996, and continuing through April 9, 1997. However, the WCJ found that he was fully recovered as of April 10, 1997. WCJ decision at 4–6.

¶ 5 The employer, Ogden Aviation as well as the Appellant filed cross-appeals before the WCAB. On June 12, 2000, the WCAB authored an opinion reversing the WCJ's award of benefits. As basis for that decision, the WCAB specifically stated, "the WCJ's decision to grant the Claim Petition is not supported by substantial,

competent evidence ... [because] Dr. Lincow's testimony cannot adequately support a conclusion that [Appellant] was disabled during the period of September 25, 1996 to April 9, 1997." WCAB decision, June 12, 2000, at 7. Later in the opinion, the WCAB also stated that because Appellant did not show that he was disabled, the employer was not liable for Appellant's medical expenses. During that explanation, the WCAB also stated, "because we reverse the WCJ's Decision to grant the Claim Petition, [Appellant] did not show that he incurred any work-related injuries." WCAB decision at 8.

¶ 6 Meanwhile, sometime between September 24, 1996, but well prior to September 24, 1998, Appellant retained Appellees to represent him in a third-party lawsuit against the manufacturer of the allegedly defective fuel pump. However, Appellees never filed suit and let the statute of limitations run on September 24, 1998. Thereafter, on August 28, 2000, Appellant filed the instant legal malpractice suit against Appellees.

¶ 7 On November 8, 2000, in its answer and new matter, Appellees asserted the defense of collateral estoppel on the basis of the WCJ decision. No mention was made at that time of the WCAB decision rendered on June 12, 2000. Then, on August 30, 2001, Appellees filed a motion for summary judgment, which the trial court granted on October 15, 2001. Also, on October 16, 2001, the trial court granted the Appellees' motion to amend the answer and new matter to plead the affirmative defense of collateral estoppel based upon the June 12, 2001[1] WCAB decision. Appellant thereafter filed this timely appeal.

1. For purposes of clarity, although the docket report states June 12, 2001, the actual decision of the WCAB is dated June 12, 2000.

¶ 8 Appellant argues that the trial court erred in granting summary judgment in favor of the Appellees. As we recently stated in *Lange v. Burd*, 800 A.2d 336 (Pa.Super.2002),

> Our standard of review of the grant of a motion for summary judgment is plenary. Our review is as follows: It is well settled that when reviewing the propriety of a trial court's order granting summary judgment, we must view the record in the light most favorable to the non-moving party and determine whether the moving party has established that there exists no genuine issue of material fact and that it is therefore entitled to judgment as a matter of law. The non-moving party is entitled to all reasonable inferences. Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor and **summary judgment is appropriate only in the clearest of cases.**

Summary judgment is granted:

> When the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact. The moving party has the burden of proving the non-existence of any genuine issue of fact. The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. The trial court must resolve all doubts against the moving party and examine the record in the light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law.

*Lange v. Burd*, 800 A.2d 336, 338, 339 (Pa.Super.2002), quoting *Davis v. Resources for Human Development Inc.*, 770 A.2d 353, 356, 357 (Pa.Super.2001). (internal citations omitted).

¶ 9 With that standard of review in mind, we next turn to the elements a plaintiff must demonstrate in order to establish a claim of legal malpractice: 1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1184 (Pa.Super.2000). An essential element to this cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or threat of future harm. *Kituskie v. Corbman*, 552 Pa. 275, 714 A.2d 1027, 1030 (1998). In essence, in order to be successful in a legal malpractice action in Pennsylvania, the plaintiff must prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case. *Kituskie, supra.*

¶ 10 The trial court granted Appellees' motion for summary judgment in this case on that basis that Appellant's underlying claim was barred by the doctrine of collateral estoppel. The Appellees argued, and the trial court accepted that because the WCAB overruled the WCJ's award of disability benefits, that amounted to a finding that the Appellant suffered no injury in the work-related incident.

¶ 11 In order to determine whether the trial court erred in granting Appellees' motion for summary judgment on the basis of collateral estoppel, we will first address the necessary elements of that doctrine. The doctrine of collateral estoppel, which is sometimes referred to as issue preclusion, operates to prevent questions of law or issues of fact which have

once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. *Kituskie v. Corbman,* 452 Pa.Super. 467, 682 A.2d 378 (1996), *allocatur granted,* 552 Pa. 275, 714 A.2d 1027 (1998). Collateral estoppel is applicable when:

> (1) An issue decided in a prior action is identical to one presented in a later action;
>
> (2) The prior action resulted in a final judgment on the merits;
>
> (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
>
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Frederick v. Action Tire Company,* 744 A.2d 762, 765 (Pa.Super.1999), citing *Rue v. K–Mart Corp.,* 552 Pa. 13, 713 A.2d 82, 84 (1998).

¶ 12 Appellant argues that the first and fourth elements of the collateral estoppel doctrine have not been met here and that the trial court's grant of the motion for summary judgment was therefore in error.[2] In support of his argument that the first element of collateral estoppel has not been met, Appellant alleges that the WCAB held only that the evidence before them was insufficient to prove that he was disabled, not that he did not suffer any injury. Upon reviewing the WCAB decision, as well as the opinion rendered by the WCJ, we are convinced that the issue of whether Appellant suffered some form of compensable injury has not been previously litigated. In fact, even the physicians who testified for the employer admitted that Appellant had suffered work-related injuries; however, they concluded that Appellant had recovered from these injuries at the time of the hearings. R.R. 37a. Neither the WCJ nor the WCAB ever stated that Appellant did not suffer any injury, they simply concluded that such injuries did not rise to the level of a work-related disability.[3]

¶ 13 Simply because the worker's compensation proceedings resulted in a finding that Appellant failed to prove that he was entitled to disability benefits under the Worker's Compensation Act, does not mean that he could not show that he was injured at the time of the accident. *See Volk v. W.C.A.B. (Consolidation Coal Company),* 167 Pa.Cmwlth.75, 647 A.2d 624, 628 (1994) (claimant is awarded disability benefits under the Worker's Compensation Act based on loss of earning capacity, not solely on the basis of medical injury; **too often the terms "disability" and "injury" are used interchangeably which results in confusion**). (emphasis added). In order to prove that he was entitled to disability benefits under the Worker's Compensation Act, Appellant was required to show that such work-related injury was so significant as to render him unable to perform his pre-injury work. *Kmart v. W.C.A.B. (Williams),* 771 A.2d 82, 85 (Pa.Cmwlth.2001) ("[f]or purposes of receiving worker's compensation, 'disability' is a term synonymous with loss of earning power; it does not refer to physical impairment"). However, we know that such a showing of disability is not required

---

**2.** We shall not address the fourth element of collateral estoppel because we find that the first element is not satisfied.

**3.** The WCJ did, in fact, find that Appellant was disabled from September 25, 1996 through April 1997. However, as noted above, the WCAB found that Appellant's treating physician did not present "sufficient evidence" to show that Appellant was disabled.

to successfully litigate a third-party tort action. All Appellant would had to have shown in order to successfully litigate his case before a jury is that he suffered some compensable injury as a result of the negligence of another. However, because Appellees failed to initiate a cause of action within the applicable statute of limitations, Appellant has, at least arguably, forever lost his right to have his cause tried before a jury.

¶ 14 The difference between proving a disability in a worker's compensation tribunal versus proving a compensable injury in a negligence action is not merely semantic. Rather, this distinction is central to the issue of whether the first element of collateral estoppel has been met. If, by failing to prove that he suffered a disability meant that Appellant also failed to prove any injury, then the first element of collateral estoppel would have been satisfied. To that end, if the WCAB and the WCJ had stated that Appellant did not suffer any work-related injury or that his injuries were not caused by the work-related incident, then collateral estoppel could be applicable here. However, because that tribunal made no such findings, we believe that the first element has not been satisfied here because the issue of whether Appellant sustained an injury has not been previously determined.

¶ 15 Although Appellees cite *McCullough v. Xerox Corp.*, 399 Pa.Super. 135, 581 A.2d 961 (1990), in support of their position that the trial court committed no error in granting the motion for summary judgment due to collateral estoppel, we find that case to be distinguishable from the present situation. In that case, the court held that the decision of the WCJ (finding that the employee's injury was not work-related) collaterally estopped her from pursuing that same issue in a tort action against her employer. There, the

issue that was already fully litigated was that of causation. Whereas, here, the issue that has not been litigated is that of harm or injury (damages).

¶ 16 Furthermore, both the Appellees and the trial court cite *Frederick v. Action Tire Company*, 744 A.2d 762 (Pa.Super.1999) for the notion that principles of collateral estoppel apply to decisions from the WCAB. While we agree with the general statement that collateral estoppel does apply to decisions from other tribunals (including worker's compensation), we find that the factual circumstances of that case are distinguishable from the present case. In that case, Frederick filed a worker's compensation claim against his employer for injuries he allegedly sustained while in the course of his employment, a vehicle owned by his employer struck him. After losing his worker's compensation claim, he then brought a tort action against his employer and the driver, although he had elected the limited tort provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act (MVFRL). By choosing the limited tort option, he was not eligible for noneconomic damages unless he could prove that he sustained "serious injury," which the MVFRL defines as one "resulting in death, serious impairment of body function or permanent disfigurement." *Id.* at 765. While in *Frederick, supra,* a panel of this court stated that the WCJ:

> expressly found Frederick's accident *"did not rise to the level of an injury* or disable the claimant from his job." She also found "if [Mr. Briceland] did strike the claimant, the impact would not have been enough to cause serious injury" and "[t]he grossly unnecessary medical testing and treatment have truly disabled the claimant, but *the cause of that was not an incident at work on November 2, 1992."* Plainly the judge found Frederick was not injured, and that the

accident was not the cause of the medical problems from which he subsequently suffered.

*Id.* at 767. Whereas the WCJ in that case found that the Appellant's injuries were not caused by the work-related incident, no such finding was made in the present situation. Because the issue of causation was already determined by the WCJ, this Court held that that issue could not be relitigated. Also, we note that the WCJ there found that Appellant was not seriously injured, and because the Appellant in that case had to show "serious injury" under the MVFRL (because he elected the limited tort option) that issue could not be relitigated in the tort action because it was previously determined that any injury Appellant had suffered was not a "serious" injury. Again, the factual history of that case is inapposite to the present scenario as Appellant's action against the third-party tortfeasor would not have proceeded under the MVFRL and he would not have been required to show "serious injury," in order to obtain a recovery. Furthermore, in *Frederick, supra,* the preclusive effect of the WCJ's decisions was actually related to the issue of causation, rather than injury.

¶ 17 Finally, we also find that the decision in *Capobianchi v. BIC Corp.,* 446 Pa.Super. 130, 666 A.2d 344 (1995) is inapplicable to the present situation. In *Capobianchi, supra,* this Court held that a worker's compensation decision that a degenerative condition caused an injury, not workplace machinery, barred a products liability suit against the machinery manufacturer. Again, in that case, unlike the present situation, the issue that was previously litigated related to causation rather than harm.

¶ 18 When viewing the evidence in the light most favorable to the Appellant as the non-moving party, we believe that the trial court erred in granting summary judgment because there exists at least a material issue of fact regarding whether the Appellees committed legal malpractice. Certainly, if the case were submitted to the jury, the Appellees could present relevant evidence to support their defense that such an action would not have been successful. However, because we find that the trial court erred in finding the doctrine of collateral estoppel applicable here, we reverse the trial court order granting summary judgment.

¶ 19 Order reversed and case remanded for further proceedings. Jurisdiction relinquished.