## McConnell v. Delprincipe

C.P. of Lawrence County, No. 10017 of 2013

*Patrick L. Sullivan*, for plaintiffs.
*Joseph F. Butcher*, for defendants.

COX, *J.*, Oct. 2, 2014—Before the court for disposition is the motion for partial summary judgment filed on behalf of the defendants David V. Del Principe and Del's Garage, Inc., which argues that the plaintiffs are collaterally stopped from asserting injuries beyond a cervical sprain/strain which was determined to be Mark McConnell's injuries by Workers' Compensation Judge Perry D. Jones' decision dated July 11, 2013.

On February 21, 2011, the plaintiff Mark McConnell, as owner and operator of McConnell, Inc., was contacted by the police to aid motorists stranded on Maitland Lane in New Castle, Lawrence County, Pennsylvania, due to inclement weather. When Mr. McConnell finished aiding the stranded motorists and was walking down a hill returning to his vehicle, Mr. Del Principe, while traveling on Maitland Lane, lost control of his tow truck, which was owned by Dei Principe Garage, Inc., and struck Mr. McConnell. This accident occurred while Mr. McConnell was acting within the scope of his employment. The plaintiffs claim that Mr. McConnell suffered injuries, which included herniated discs at C5-C7, headaches, cervical sprain and strain, aggravation of degenerative disc disease, numbness and tingling in his neck and bilateral shoulders, right upper extremity pain and weakness, thoracic strain and sprain and lumbar strain and sprain. Mr. McConnell also claims that he suffers many problems due to the accident and is limited in his work related activities. He continues to treat with John Wrightson, M.D., by receiving epidural steroid injections into his neck.

Mr. McConnell filed a workers' compensation claim and personal injury claim that is the subject of this case.

On July 11, 2013, Workers' Compensation Judge Perry D. Jones entered findings of fact stating, "Claimant [Mr. McConnell] was not disabled by Dr. Wrightson and thus did not sustain a loss of earnings as a result of the work injury. In making this determination, it is found that claimant did not have competent medical testimony which restricted him from working." Judge Jones also held that Mr. McConnell fully recovered as of July 19, 2011, from his work related cervical strain/sprain suffered as a result of the aforementioned accident. Judge Jones denied Mr. McConnell's claim for lost earnings and he only received medical benefits. Mr. McConnell did not appeal that decision. However, in the current case, he is seeking to recover for damages beyond a cervical strain/sprain.

The defendants have now filed a motion for partial summary judgment contending that the plaintiffs are collaterally stopped from asserting injuries beyond a cervical sprain/strain that was determined to be Mark McConnell's injuries by Workers' Compensation judge Perry D. Jones' decision dated July 11, 2013.

The purpose of the summary judgment Rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company*.

544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied*, (1996), *certiorari denied*, 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of materia! fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2. However, summary judgment is only appropriate when discovery relevant to the motion has been completed. *Id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co..* 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspaper. Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)).

The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Kafando, supra.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones, Inc.*, 756 A.2d 697 (Pa. Super. 2000); *Kunev v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return

a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company*, 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspaper, Inc.*, 453 Pa. Super. 464, 469-472, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm. Inc.*, 563 Pa. 501, 752 A.2d 339 (2000); *Dean v. Commonwealth Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Comm'n*, 555 Pa. 149,153, 723 A.2d 174, 175 (1999); *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 2001); *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company*, 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra,* if there are no genuine issues

of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer*, 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

"The doctrine of collateral estoppel is not unavailable simply because administrative procedures are involved; where the agency is acting in a judicial capacity and resolves disputed issues of fact which the parties had an opportunity to litigate, the [courts] will not hesitate to apply preclusion principles." *John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 968 (Pa. Super. 2007) (quoting *Capobianchi v. BIC Corporation*, 446 Pa. Super. 130, 666 A.2d 344, 348 (1995)). However, collateral estoppel between an administrative agency and the court is only appropriate when the policies and the goals are the same for both proceedings. *Rue v. K-Mart Corp.*, 456 Pa. Super. 641, 649, 691 A.2d 498, 502 (1997) (quoting *Johnsonbaugh v. Dep't of Public Welfare*, 665 A.2d 20, 24 (Pa. Cmwlth. 1995)). Collateral estoppel may only be

applied if:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action,

(2) there was a final judgment on the merits,

(3) the party against whom the plea is asserted was a party...to the prior adjudication, and

(4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Lamborn v. W.C.A.B. (Armoroso Baking*, 656 A.2d 593, 595 (Pa. Cmwlth. 1995) (citing *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574-575, 345 A.2d 664, 668(1975)).

Collateral estoppel, also referred to as issue preclusion, is a broader concept than *res judicata* as it prevents the relitigation of common questions of law or issues of fact. *Incollingo v. Maurer*, 394 Pa. Super. 352, 356, 575 A.2d 939, 940 (1990). The basic difference between *res judicata* and collateral estoppel is the parties do not have to be identical in each action to invoke the doctrine of collateral estoppel. *Mellon Bank v. Rafsky*, 369 Pa. Super. 585, 592-593, 535 A.2d 1090, 1093 (1987). "Collateral estoppel may be used as either a sword or a shield by a stranger to the prior action if the party against whom the doctrine is being asserted was either a party or in privity with a party in the prior action." *Harter v. Reliance Ins. Co.*, 386 Pa. Super. 14, 24, 562 A.2d 330, 335 (1989) (citing *Mellon Bank, supra.; Brock v. Owens*, 367 Pa. Super, 324, 332, 532 A.2d 1168, 1172 (1987)). Additionally, "the fact or facts at issue in both instances were identical; [and] that these

facts were essential to the first judgment and were actually litigated in the first cause." *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnik*, 526 Pa. 541, 546, 587 A.2d 1346, 1348 (1991) (quoting *Schubach v. Silver*, 461 Pa. 366, 377, 336 A.2d 328, 334 (1975)). A prior judgment only acts as an estoppel to issues actually controverted in the first action. *Thompson v. Karastan Rug Mills*, 228 Pa. Super. 260, 264, 323 A.2d 341, 343 (1974) (citing *Aetna Life Ins. Co. of Hartford v. Martin*, 108 F.2d 824, 827 (8th Cir. 1940)).

This issue was addressed in *Frederick v. Action Tire Co.*, 744 A.2d 766 (Pa. Super. 1999). In that case, the appellant was struck by a van owned by the appellee during the course of his employment. The appellant claimed injuries to his left hip and buttocks and a herniated disc. Initially, the appellant treated at the emergency room and had several surgeries. He then filed a workers' compensation claim seeking disability payments from the date of the accident plus payment for medical bills. The workers' compensation judge rendered a decision dismissing the appellant's claims finding that the appellant's testimony was neither reliable nor credible as she observed the appellant over the two years that hearings were scheduled and noted that he did not appear to be in any discomfort until after the surgeries. Further, the doctor who performed the appellant's surgeries did not examine him until a year after the accident and the only causal connection to the work-related injury was the appellant's version of the incident. The workers' compensation judge relied on the doctor, who examined the appellant three days after the accident. The doctor stated that the appellant's injuries were not caused by the accident as the appellant had no

bruising when she examined him and she noted similar findings a year later.

The appellant in *Frederick* subsequently filed a claim for social security disability benefits stating that he is unable to work. In that case, the administrative law judge found that the appellant was unable to work due to severe impairment of the spine. Between the two administrative claims, the appellant filed suit asserting a claim of negligence against the appellee. The appellant elected the limited tort provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, so he was not eligible for noneconomic damages unless he sustained "serious injury." In response, the appellee filed a motion for summary judgment arguing that the appellant's claims were collaterally stopped in accordance with the decision rendered by the workers' compensation judge. The appellant then filed a motion for summary judgment claiming the social security decision should be given preclusive effect in the tort action because it requires a more stringent burden of proof in that proceeding. The trial court denied the appellant's motion for summary judgment and granted the appellee's motion for summary judgment. The appellant then filed an appeal with the Superior Court of Pennsylvania.

First, the *Frederick* Court explained that the workers' compensation judge directly addressed the issue in question as it held that the appellant was injured, but not disabled in a manner that would prevent him from performing his job. *Id.* 744 A.2d at 767. The workers' compensation judge found that the appellant was struck by the appellee's vehicle, but the impact would not cause

serious injury. *Id.* The *Frederick* Court agreed with the trial court that the appellant failed to demonstrate he was injured from being struck by the appellee's vehicle in the workers' compensation case, which is a necessary element in the negligence case as well. *Id.* The court also stated that the second and third prongs of the collateral estoppel test have been met as the workers' compensation claim resulted in a final judgment on the merits, the appellant was a party in the prior proceeding and he is the party against whom collateral estoppel is asserted. *Id.* However, the appellant asserted that the fourth prong of the test was not met as he did not have a fair opportunity to litigate the issues concerning the injury and causation in the prior proceeding. The *Frederick* Court stated, "The fact remains that Pennsylvania appellate courts have consistently held findings in workers' compensation cases may bar relitigation of identical issues in collateral civil actions, even third party tort actions." *Id.* (citing *Phillips v. A.P. Green Refractories*, 428 Pa. Super. 167, 630 A.2d 874 (1993)). The appellant emphasized the procedural distinctions between workers' compensation proceedings and civil actions, as workers' compensation proceedings are informal in nature, involve lesser damages and are tailored to adjudicate claims quickly. The Court noted that the appellant was seeking significant damages in the workers' compensation proceeding in the amount of $115,000 lost wages and over $132,000 in medical expenses. *Id.*, 744 A.2d at 768. In addition, the court noted that the appellant was not deprived of the opportunity to present favorable witnesses as those witnesses could have been deposed and their testimony presented at one of the hearings before the workers' compensation judge. *Id.* The

appellant also argued that the determination by the social security decision should be given preclusive effect. The court did not agree as the third prong of the collateral estoppel test was not met as the appellee was not a party to that claim because the social security proceeding determined whether the appellant was disabled and not the cause of the disability. *Id.* As a result, the appellee was not a party to that proceeding. *Id.* Therefore, the *Frederick* Court affirmed the trial court and reiterated that the workers' compensation claim had preclusive effect on the subsequent tort case as it met all of the elements of the collateral estoppel test. *Id.*

In the case *sub judice*, Mr. McConnell filed a workers' compensation claim after being injured during the course of his employment when Mr. Dei Principe lost control of his vehicle and struck Mr. McConnell. At the hearing concerning Mr. McConnell's claim, he presented the testimony of Dr. Wrightson, who treated Mr. McConnell for neck pain with tingling radiating into his right arm. Dr. Wrightson opined that Mr. McConnell suffered a cervical strain/sprain as well as an aggravation of an underlying degenerative disc disease in his neck. Dr. Wrightson testified that he did not recommend that he refrain from working and that Mr. McConnell has recovered from his cervical sprain/strain. The employer presented the testimony of Robert L. Waltrip, M.D., a board certified orthopedic surgeon, who examined Mr. McConnell at the employer's request. He reviewed records and conducted an examination of Mr. McConnell. He then opined that the MRI imaging displayed age appropriate degenerative changes to Mr. McConnell's neck and there was no aggravation of that injury due to the accident. Dr.

Waltrip also testified that the medical records support the diagnosis that Mr. McConnell suffered a neck strain or sprain. Workers' Compensation Judge Perry D. Jones found Dr. Waltrip's testimony was credible that Mr. McConnell suffered a neck strain or sprain as result of the accident, but did not suffer an aggravation of his degenerative disc disease. Judge Perry then ruled that Mr. McConnell was not disabled by the accident and he did not incur a loss of earnings from the work injury. Judge Perry stated, "The employer has sustained the burden of proof that claimant had fully recovered from his February 21, 2011 work related cervical sprain/strain as of July 19, 2011. This finding is based upon the credible opinion of Dr. Waltrip which is accepted over the contrary opinion of Dr. Wrightson."

The decision of Judge Perry now precludes the plaintiffs from recovering damages for injuries to Mr. McConnell beyond a cervical sprain/strain as al! of the elements have been met for the collateral estoppel test. First, the issue decided at the workers' compensation hearing is identical as the issue raised in this case. At that hearing, Mr. McConnell attempted to claim that he suffered loss of earnings due to injuries that he suffered in the accident. In making that claim, Mr. McConnell presented the testimony of Dr. Wrightson in an attempt to demonstrate that he suffered from a cervical sprain/strain and the aggravation of his degenerative disc disease. In this case, the plaintiffs are asserting a similar claim that Mr. McConnell incurred injuries beyond a cervical sprain/strain. Hence, identical issues concerning the type and severity of Mr. McConnell's injuries have been raised in both proceedings. Next, Judge Perry rendered a final judgment on the merits concerning

Mr. McConnell's workers' compensation claim, which was dated July 11, 2013. Mr. McConnell did not appeal that decision. In addition, Mr. McConnell is the party against whom collateral estoppel is being asserted and he was the party asserting the claim in the workers' compensation proceeding. Moreover, Mr. McConnell had a full and fair opportunity to litigate that issue as he was provided with an opportunity to present witnesses and to cross examine the employer's witnesses as well. Thus, the defendants are able to establish all of the elements for the defense of collateral estoppel.

The plaintiffs contend that the decision in the workers' compensation proceeding should not have a preclusive effect on the plaintiffs' claims in this case as they are entitled to a jury trial in this case, but the same is unavailable in a workers' compensation hearing. However, the *Frederick* Court unequivocally stated, "The fact remains that Pennsylvania appellate courts have consistently held findings in workers' compensation cases may bar relitigation of identical issues in collateral civil actions, even third party tort actions." *Frederick*, 744 A.2d at 767 (citing *Phillips v. A.P. Green Refractories*, 428 Pa. Super. 167, 630 A.2d 874 (1993)). It is a well established in Pennsylvania that findings in a workers' compensation case preclude the relitigation of identical issues in collateral civil matters. Therefore, this court finds that the determination of Judge Perry in the workers' compensation proceeding precludes the 'plaintiffs from seeking damages beyond the cervical sprain/strain suffered by Mr. McConnell on February 21, 2011, from which he fully recovered as of July 19, 2011.

For the reasons set forth in this opinion, the defendants' motion for partial summary judgment is granted.

## ORDER OF COURT

Now this 2nd day of October, 2014, this case being before the court on August 25, 2014, for oral argument on the motion for partial summary judgment filed by the defendants, with both parties appearing through their counsel, the plaintiffs, Mark McConnell and Cindy McConnell, husband and wife, represented through counsel, Patrick L. Sullivan, Esquire, and the defendants, David V. DelPrincipe and Del's Garage, Inc., represented through counsel, Joseph F. Butcher, Esquire, and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order, and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the motion for partial summary judgment is hereby granted.

2. The plaintiffs are precluded from claiming damages and injuries other than for a cervical sprain and strain in existence from February 21, 2011, to July 19, 2011, in the above-entitled action.

3. The prothonotary shall serve a copy of this order of court and attached opinion upon counsel of record, Patrick L. Sullivan, Esquire, and Joseph F. Butcher, Esquire.