666 A.2d 344

**Ben CAPOBIANCHI and Fran Capobianchi, Appellants,**

**v.**

**BIC CORPORATION and Drug Palace, Appellees.**

Superior Court of Pennsylvania.

Argued June 20, 1995.

Filed Oct. 20, 1995.

Michael J. D'Aniello, Norristown, for appellants.

Richard A. Kraemer, Philadelphia, for appellees.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

The sole issue in this case of products liability is whether plaintiffs' cause of action is barred by principles of collateral estoppel. The trial court held that the action was barred and entered summary judgment against the plaintiffs' claim. After careful review, we affirm.

According to the averments of the complaint, Ben Capobianchi was injured while at work at Northeastern Hospital on January 7, 1989, when a BIC lighter exploded in his shirt pocket. Capobianchi and his wife filed suit against BIC Corporation (BIC), the manufacturer of the lighter, and Drug Palace, the retailer, alleging causes of action for strict liability, negligence and breach of warranty.

On January 30, 1990, almost a year prior to the commencement of the instant action, Capobianchi had filed a workers' compensation claim, alleging work-related neck injuries in connection with the exploding lighter. The referee denied the claim on May 18, 1992, finding that Capobianchi's injuries were the result of degenerative conditions. Capobianchi appealed to the Workmen's Compensation Appeal Board, which affirmed the referee's decision on September 9, 1993. The decision became final on October 10, 1993.

Thereafter and shortly before trial, the defendants moved to amend their answer to raise the defense of collateral estoppel. A motion for summary judgment was also filed on grounds of collateral estoppel. The trial court allowed the amendment and entered summary judgment against the plaintiffs. From this order, the plaintiffs have filed the present appeal.

Appellants' first argument is that the trial court erred when it allowed the answer to be amended four days before trial to assert the defense of collateral estoppel.

Pennsylvania Rule of Civil Procedure 1033 provides in pertinent part that "[a] party ... by leave of court, may at any time ... amend his pleading. The amended pleading may aver transactions or occurrences which have happened befcre or after the filing of the original pleading, even though they

give rise to a new ... defense." "Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Biglan v. Biglan,* 330 Pa.Super. 512, 521, 479 A.2d 1021, 1025–1026 (1984). "Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits." *Gallo v. Yamaha Motor Corp.,* 335 Pa.Super. 311, 313, 484 A.2d 148, 150 (1984). A trial court enjoys broad discretion in evaluating amendment petitions. *Horowitz v. Universal Underwriters Ins. Co.,* 397 Pa.Super. 473, 478, 580 A.2d 395, 398 (1990), *allocatur denied,* 527 Pa. 610, 590 A.2d 297, and 527 Pa. 611, 590 A.2d 298 (1991).

"Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party." *Horowitz v. Universal Underwriters Ins. Co.,* *supra* at 479, 580 A.2d at 398. See: *Posternack v. American Cas. Co. of Reading,* 421 Pa. 21, 24, 218 A.2d 350, 351–352 (1966). The prejudice, however, "must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Mediq Inc.* 395 Pa.Super. 221, 227, 576 A.2d 1123, 1126 (1990). "The mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend [by asserting] an affirmative defense which has a substantial likelihood of success." *James A. Mann, Inc. v. Upper Darby School Dist.,* 99 Pa.Commw. 276, 281, 513 A.2d 528, 531 (1986).

"All amendments have this in common: they are offered *later in time* than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual

case), then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed...."

*Bata v. Central–Penn Nat'l Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973), quoting James Fleming, Jr., Civil Procedure 158 (1965). "[D]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Gutierrez v. Pennsylvania Gas & Water Co.,* 352 Pa.Super. 282, 287, 507 A.2d 1230, 1233 (1986). See also: *Brooks v. McMenamin,* 349 Pa.Super. 436, 439, 503 A.2d 446, 447 (1986). "The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise." *Pilotti v. Mobil Oil Corp.,* 388 Pa.Super. 514, 518–519, 565 A.2d 1227, 1229 (1989).

In *Posternack v. American Cas. Co. of Reading, supra,* the plaintiff sued one insurance company in federal court, and another insurance company in state court, to recover for the same loss. The federal case came to trial first and ended in a judgment against the plaintiff. The defendant in the state action then sought leave to amend its answer to include res judicata, estoppel by judgment or collateral estoppel based upon the federal case. The Supreme Court permitted the amendment.

That surprise will result is not and cannot here be asserted meritoriously. Plaintiff, however, does contend that to permit the amendment will be prejudicial because the time for appeal from the adverse judgment suffered in the federal court has expired, and that he was lulled into inaction in this respect by [defendant's] failure to assert the defense of res judicata until four years after the complaint in the present action was filed. This position is not persuasive.

The plea of res judicata must be based on a final judgment. It does not apply otherwise. See, *Creighan v. Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957), and Restatement, Judgments, § 41 (1942). The petition to amend was filed within four months after the federal court judgment became final and approximately one year before the trial date of the instant case. The fact that the amendment may affect the cause of the adverse party is not, in itself, sufficient reason to deny the amendment. See, 2A Anderson, Civil Practice (Supp.1965, at 188).

*Posternack v. American Cas. Co. of Reading, supra* at 24–25, 218 A.2d at 352.

■ After careful review, we conclude that the trial court did not abuse its discretion by allowing the defendants to amend their answer to raise the defense of collateral estoppel. The defense of collateral estoppel could not be asserted until a final workers' compensation decision had been rendered. After it had been rendered, moreover, Capobianchi had a right to appeal from the referee's decision in May, 1992, and could have chosen to appeal from the Board's decision in September, 1993. Delay caused by Capobianchi's pursuit of workers' compensation benefits will not be attributed to the defendants. At most, the defendants would be responsible for the delay between the workers' compensation decision in October, 1993 and the motion for summary judgment, which first raised the defense of collateral estoppel. These circumstances do not readily lend themselves to a finding of unnecessary delay and/or a denial of an opportunity to assert the defense.

A party may move for summary judgment "[a]fter the pleadings are closed, but within such time as not to delay trial." Pa.R.C.P. 1035(a). Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). A motion for summary judgment can be timely even where it has been filed less than

one month before the trial date and over four years after the litigation has commenced.

Pennsylvania R.C.P. 1035(a) permits a party to move for summary judgment "[a]fter the pleadings are closed, but within such time as not to delay trial. . . ." The motion for summary judgment was filed December 18, 1981. At that time, the case was specially listed for trial on January 4, 1982. The lower court considered the motion for summary judgment on the merits. Since the function of a summary judgment motion is to avoid a useless trial, *Rose v. Food Fair Store [Stores], Inc.*, 437 Pa. 117, 262 A.2d 851 (1970); *William J. Heck Builders, Inc. v. Martin*, 315 Pa.Super. 395, 462 A.2d 253 (1983), and such a result was achieved here, we find no error in the lower court.

*Dillon v. National R.R. Corp.*, 345 Pa.Super. 126, 136–137, 497 A.2d 1336, 1341 (1985) (footnote omitted).

 Collateral estoppel "operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit." *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 236, 464 A.2d 1313, 1318 (1983). It is appropriate where

(1) the issue decided in the prior action was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Grant v. GAF Corp.*, 415 Pa.Super. 137, 149, 608 A.2d 1047, 1053 (1992), *aff'd*, 536 Pa. 429, 639 A.2d 1170 (1994) (per curiam). Principles of collateral estoppel apply to judgments of the Workmen's Compensation Appeal Board. In *Phillips v. A.P. Green Refractories Co.*, 428 Pa.Super. 167, 630 A.2d 874 (1993), *allocatur denied*, 537 Pa. 632, 642 A.2d 486 and *allocatur granted*, 538 Pa. 614, 645 A.2d 1317 (1994), the Superior Court said:

In denying summary judgment to Best on the collateral estoppel issue, the trial court stated "a workmens compensation claim is clearly distinguishable from a common law tort claim, including one based on strict products liability." Order, Creany, S.J., 7/31/89, p. 1. The court found the issues involved in the cases differed in that, generally, in worker's compensation actions, disability resulting from work place conditions is the only issue for decision, while in products liability actions, the injury caused by a defective product is the issue under review. We find this distinction is not meaningful or controlling, as it was previously rejected by *McCullough v. Xerox Corp.*, 399 Pa.Super. 135, 581 A.2d 961 (1990), *alloc. den.*, 527 Pa. 624, 592 A.2d 45 (1991), wherein this Court stated:

> Appellant argues, however, the issue presented to and decided by the referee was a narrowly defined statutory one, i.e., had appellant suffered an occupational disease injury. In light of our previous discussion, though, this argument is without basis. As we stated, the referee found unequivocally appellant's injury was not work-related, and appellant had failed to sustain her burden of proof. This failure was grounded not in appellant's inability to establish her sarcoidosis as an occupational disease injury, for her claim proceeded without that determination, but rather, in appellant's inability to prove the causation of her injury was aggravated, accelerated or related in any way to her work for Xerox. This was the central issue in appellant's workmen's compensation claim, just as it is instantly, and appellant was afforded a full and fair opportunity to litigate the issue before the referee. As that judgment is now final, appellants are estopped from pursuing the identical issue in a common law tort action. To find otherwise would be to undermine the concept of workmen's compensation which has served the workers and economic structure of our society so well.

*Id.* at 143–44, 581 A.2d at 966.

More recently, this Court addressed the collateral estoppel issue in *Grant, supra,* where the plaintiffs brought

workmen's compensation actions against the defendant for injuries allegedly sustained in the workplace. While these claims were pending, plaintiffs brought common law tort actions for the same injuries. Their complaints focused more on the defective product rather than their disabilities resulting from poor conditions in the workplace. This Court affirmed the trial court's grant of summary judgment based on collateral estoppel.

> The doctrine of collateral estoppel is not unavailable simply because administrative procedures are involved; where the agency is acting in a judicial capacity and resolves disputed issues of fact which the parties had an opportunity to litigate, the court's will not hesitate to apply preclusion principles.

> . . . . .

> [T]he principles of collateral estoppel apply to judgments from worker's compensation [appeal] boards.

> . . . . .

> The issue of causation, injury as a result of exposure in the workplace, was decided adversely to the plaintiffs in the workmen's compensation proceeding and thus recovery in a subsequent tort action is precluded.

*Id.* at 151, 153–155, 608 A.2d at 1055, 1056.

*Phillips v. A.P. Green Refractories Co., supra* 428 Pa.Super. at 175–176, 630 A.2d at 878–879.

█ Capobianchi argued in the workers' compensation case that he had suffered a work-related injury. The referee found that the cause of the injuries had been a degenerative condition and not an injury sustained at work. By that finding, the referee not only decided that Capobianchi's injuries were not work-related, but also established the cause of the injuries. Appellants aver in their complaint that a defective product caused the same neck injuries already attributed to a degenerative condition. Because this was previously decided against appellants, however, the present claim is barred by principles of collateral estoppel. The trial court did

140

not err when it entered summary judgment against the plaintiffs.

Affirmed.