**Stillwater Lake Civic Association, Inc. v. McGinley**

*John B. Dunn*, for plaintiff
*Michael D. Collins*, for defendant

HIGGINS, *J.*, July 2, 2013—This matter was commenced on August 30, 2011 when defendants Patrick McGinley and Mary McGinley (hereinafter collectively referred to as "McGinley") appealed a district magistrate judgment entered in favor of plaintiff Stillwater Lake Civic Association, Inc. (hereinafter referred to as "Stillwater") in the amount of $5,895.61 for unpaid dues, fees, fines and costs. After Stillwater filed its complaint on September 27, 2011, McGinley filed a pro se answer on October 17, 2011. On May 24, 2012, attorney Michael D. Collins filed a praecipe for entry of appearance. The next day a non-binding arbitration was held and an award of $9,063.50 was entered in favor of Stillwater. On June 25, 2012, attorney Collins filed a notice of appeal from award of arbitrators. Thereafter, on January 7, 2013, attorney Collins filed a motion for leave to amend answer, plead new

matter and counterclaim ("motion"). On February 4, 2013, attorney George R. Hludzik withdrew his appearance and attorney John B. Dunn entered his appearance on behalf of Stillwater. An answer to McGinley's motion was filed by attorney Dunn on February 28, 2013. The court heard oral arguments from the parties on March 4, 2013 and we are now prepared to dispose of the motion.

Rule 1033 of the Pennsylvania Rules of Civil Procedure states:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R.C.P. 1033. "Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Capobianchi v. BIC Corp.*, 666 A.2d 344, 346 (1995) (Citation omitted). The granting of leave to amend the pleadings is within the sound discretion of the trial court. *Debbs v. Chrysler Corporation*, 810 A2d 137 148 (Pa. Super. 2002) (citation omitted). Such discretion is broad and will only be reversed upon a showing of a clear abuse of discretion. *Id.* Our courts have established a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on

their merits. *E.O.J., Inc. v. Tax Claim Bureau*, 780 A.2d 814 (Pa. Cmwlth. 2001) (citation omitted). However, amendment is prohibited "where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party." *Capobianchi, supra* 666 A.2d at 346 (citations omitted). The prejudice must be more than mere detriment to the other party. *Id.*

> If the amendment contains allegations which would have been allowed inclusion in the original pleading, then the question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed....

Id at 346-347 (emphasis in original) (citation omitted).

In addition, a party may not amend a pleading if the amendment adds a new cause of action after the running of the statute of limitations. *Romah v. Hygienic Sanitation Co.*, 705 A.2d 841, 857 (Pa. Super. 1997). "A new cause of action arises if "the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed." *Id.* (citation omitted). "[D]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." *Capobianchi, supra* at 347 (citation omitted). "The timeliness of the request to amend is a factor to be considered, but . . . only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise." *Id.*

(citation omitted).

Instantly, McGinley requests to amend their answer, which would change admitted responses to denials; plead new matter and add a counterclaim. The proposed counterclaim contains a request for declaratory judgment to determine the rights of the parties from various legal documents. Specifically, McGinley claims that Stillwater lacks standing to enforce certain conditions, covenants and restrictions which bear directly on Stillwater's lawsuit. Stillwater, on the other hand, opposes the proposed amendment. It argues that McGinley seeks to directly contradict admissions made heretofore in verified pleadings. Stillwater claims prejudice, therefore, it asks this court to deny McGinley's motion.

First, we will consider McGinley's request to change the admissions contained in their answer. Stillwater argues that McGinley cannot make admissions and then, under the guise of amending a pleading, reverse the admissions. A review of McGinley's answer filed on October 17, 2011 indicated that they denied several averments without averring any new or additional facts. The answer denied specific averments made in Stillwater's Complaint and demands proof at the time of trial. However, one averment was admitted. Stillwater averred that; "[t]he predecessor in title to the Defendants, intended that the Covenants run with the land. The Covenants are also equitable servitudes which bind the lot." Stillwater's complaint at ¶ 6. McGinley's answer to this averment is "Admitted." The newly proposed "Amended Answer" to paragraph 6 seeks to deny the averment and demands strict proof at trial. In addition, the proposed "Amended Answer" claims that the averments in paragraph 6 are "so vague or ambiguous as

to unintelligible."

In regard to admissions, the Pennsylvania Supreme Court has stated that "[a]dmissions of this type, i.e. those contained in pleadings, stipulations, and the like, are usually termed 'judicial admissions' and as such cannot later be contradicted by the party who has made them." *Rizzo v. Haines*, 520 Pa. 484, 506, 555 A.2d 58, 69 (1989) (citation omitted). Judicial admissions are deemed true, however, they must be a clear and unequivocal admission of fact. *John B. Conomos, Inc. v. Sun Co., Inc.*, 831 A.2d 696 (Pa. Super. 2003). "Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law." *Id.* 831 A.2d at 713, (citation omitted).

The majority of McGinley's answers filed on October 17, 2011, specifically deny or claims that Stillwater's allegations contain conclusions of law to which no response is required. However, in McGinley's original answer, they admit the averments contained in paragraph 6. We believe this answer constitutes a judicial admission. Therefore, McGinley cannot, under the guise of amending their answer, attempt to contradict this admission. *Kaiser v. Western States Administrators*, 702 A.2d 609, 613 (Pa. Cmwlth. 1997). The remainder of McGinley's answer contains specific denials of factual averments or alleges that the averments contains theories or conclusion of law. Therefore, we will permit McGinley to amend their answer to Stillwater's complaint, except for paragraph 6 which we have determined is a judicial admission.

Next, Stillwater argues that the affirmative defenses which were not raised in their answer are waived.

A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa. R.C.P. 1032(a). Instantly, the proposed new matter raises the defenses of res judicata, collateral estoppel, breach of good faith and fair dealing, breach of duty of upkeep of planned community, laches and unclean hands. Since these defenses were not presented by preliminary objection, answer or reply, they are deemed waived. Similarly, the inclusion of a demurrer (that the complaint fails to state a cause of action) in the proposed new matter are waived for failing to initially present these issues by preliminary objection.

Finally, McGinley asks this court to allow them to file a counterclaim in the nature of a declaratory judgment action. McGinley alleges that Stillwater lacks standing to enforce the conditions, covenants, and restrictions on their property. Essentially McGinley seeks to have this court determine the rights of the parties from the legal documents filed on record in this matter.

The Pennsylvania Superior Court has stated that pleading may be amended "after pleadings are closed,... at trial, *after judgment, or after an award has been made and an appeal taken therefrom." Newcomer v. Civil*

*Service Commission of Fairchance Borough*, 515 A.2d 108, 111 (Pa. Cmwlth. 1986) (citing *Biglan v. Biglan*, 479 A.2d 1021, 1025-26 (Pa. Super. 1984) (emphasis in original). Since amendments are to be liberally permitted in order to allow full development of a party's theories and averments, we will allow McGinley to amend their answer for a fair and just determination of the issues in this matter, including the filing of a counterclaim in the nature of a declaratory judgment action. However, McGinley may not raise the issue which we have deemed waived whether by failure to plead in new matter or by preliminary objection (demurrer) or any pleading which we have determined is a judicial admission.

In light of the foregoing, we enter the following order.

## ORDER

And now, this 2nd day of July 2013, after oral argument and upon consideration of defendant's motion for leave to amend answer, plead new matter and counterclaim and the response thereto, it is hereby ordered that defendant's motion is granted subject to the holdings set forth in our opinion herein.