WILLIAMSON, J.,
This matter comes before us on preliminary objections filed by Achilles Medical P.C. (hereafter “plaintiff’) on February 2, 2015 in response to the answer to plaintiff’s complaint filed by Margaurita Carter (hereafter “defendant”) on January 27, 2015.
Background
Plaintiff filed the underlying complaint against defendant on July 23, 2014. In the complaint, plaintiff alleges that they contracted with defendant on November 22, 2011. The contract was that plaintiff would provide medical services to defendant and defendant would pay plaintiff for these medical services. On September 26, 2013, plaintiff mailed defendant an invoice and defendant allegedly failed to respond. Plaintiff states, as of March 17, 2014, the balance due to plaintiff from defendant is $5,665 plus costs and interest. Plaintiff’s complaint against defendant has one count for breach of contract, one count for account stated, and one count for Quantum Meruit.
Defendant first filed an answer to plaintiff’s complaint on August 25, 2014. Plaintiff then filed preliminary objections to the answer. The court sustained plaintiff’s preliminary objections to defendant’s answer on January 7, 2015 and ordered the defendant to file an amended answer within twenty (20) days. Defendant filed an amended answer to plaintiff’s complaint on January 27, 2015. Plaintiff then filed preliminary objections to defendant’s answer on February 2, 2015. In defendant’s answer to plaintiff’s complaint, defendant denied receiving any *353 medical benefits or invoice regarding debt from plaintiff. The matter was heard at oral argument on April 6, 2015. Defendant filed an amended answer to plaintiff’s complaint on April 2, 2015, which was just prior to oral argument, but after the time in which an amended pleading can be automatically filed.
Argument
Plaintiff’s first preliminary objection is that defendant’s answer is in violation of Pa.R.C.P. 1024 because it contains averments of fact not contained in the record along with not containing a verification required by the aforementioned rule. Plaintiff’s second preliminary objection is that defendant’s answer is in violation of Pa.R.C.P. 1029(a) because it does not admit or deny the allegations contained in plaintiff’s complaint. Plaintiff’s third preliminary objection is that defendant’s answer is in violation of Pa.R.C.P. 1022 because it includes paragraphs that each contain multiple allegations. Plaintiff’s fourth preliminary objection is that defendant’s answer is in violation of Pa.R.C.P. 1025 because it fails to provide an address or phone number for defendant.
“Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.” Haun v. Community Health Systems, Inc., 14 A.3d 120, 123 (Pa. Super. 2011). Moreover, “preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.” Id. Finally, “if any doubt *354 exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.” Id.
In ruling on preliminary objections, “all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true.” Wurth by Wurth v. City of Philadelphia, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The “court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions.” Penn Title Ins. Co. v. Deshler, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).
Just prior to oral argument in front of this court, defendant filed an amended answer in order to correct the defects cited in plaintiff’s preliminary objections. The issue then becomes whether this court should accept defendant’s amended answer as it was filed more than twenty days after plaintiff filed the preliminary objections.
“A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading.” Pa.R.C.P. No. 1033. “The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.” Id. “An amendment may be made to conform the pleading to the evidence offered or admitted.” Id.
*355 “A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.” Pa.R.C.P. No. 1028. “The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully.” Otto v. Am. Mut. Ins. Co., 482 Pa. 202, 205, 393 A.2d 450, 451 (1978).
“A decision to permit an amendment to a pleading is a matter committed to the discretion of the trial court. Although amendments are liberally allowed by Pennsylvania courts, “Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party.” Capobianchi v. BIC Corp., 666 A.2d 344, 346 (1995). The prejudice, however, “must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party.” Id. “The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise.” Id. at 347.
Since defendant did not file the amended answer within twenty (20) days of defendant’s preliminary objections, it is up to this court’s discretion whether to allow the amendment. The defendant has not requested *356 permission to do so by motion; however, as the defendant is pro se and has complied with the spirit of attempting to amend and conform with the rules of court, we will grant leave of court to grant the filing of the amended answer filed April 2, 2015. While defendant did delay in filing the amendment, we find that the amended answer does not cause undue prejudice to defendant. Therefore, this case will proceed with defendant’s amended answer and plaintiff’s preliminary objections to defendant’s answer are now deemed moot.
We also find that defendant’s amended answer has corrected the technical defects cited by plaintiff’s second, third, and fourth preliminary objections. Although an answer to paragraph 9 is contained within the answer to paragraph 8, and certain paragraphs thereafter are misnumbered, we find the defendant has substantially complied with the Rules of Civil Procedure. We agree the same can be said of an address, as set forth in paragraph 1 of the amended answer, and we waive a requirement for a telephone number in the pleading. However, pursuant to plaintiff’s first preliminary objection, defendant has still failed to include a verification as required by Pa.R.C.P. 1024. Thus, we find that defendant must attach a verification to her amended answer within twenty (20) days of this order, by filing a praecipe with the Prothonotary indicating the verification to the amended answer of April 2,2015 is being filed, and attaching a verification thereto. Said verification shall state the defendant made true and correct representations in the amended answer subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.
*357 ORDER
And now, this 17th day of April, 2015, upon consideration of the preliminary objections of plaintiff to defendant’s answer to plaintiff’s complaint, defendant’s preliminary objections are dismissed. Defendant is granted leave to file an amended answer which she did on April 2, 2015, and she shall file a verification to that amended answer within twenty (20) days of the date of this order, or the amended answer will be dismissed. The defendant shall also serve a copy of the amended answer on plaintiff’s counsel, and file a certificate of service thereon.