J-A32016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES T. HORN AND ELIZABETH T. HORN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| NANCY A. SCHAPPERT AND CHARLES H. SCHAPPERT, | |
| Appellants | No. 3202 EDA 2013 |

Appeal from the Judgment Entered June 25, 2013
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2008-13738-CA

BEFORE:  PANELLA, OLSON AND FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 13, 2015**

Appellants, Nancy A. Schappert and Charles H. Schappert, appeal from the judgment entered in favor of Appellees, James T. Horn and Elizabeth T. Horn, on June 25, 2013 in the Civil Division of the Court of Common Pleas of Chester County.  We affirm.

In July 2004, a developer, Carol A. Giblin, entered into a sales agreement that conveyed to Appellants a ten-acre parcel of land in a subdivision known as the Giblin Subdivision.  This lot was designated as Lot 3 of the Giblin Subdivision.

In August 2004, the developer entered into a common driveway agreement with Appellants to provide for the construction, use, and maintenance of a common driveway that would serve Lots 1, 2, and 3 of the

*Retired Justice specially assigned to the Superior Court.

Giblin Subdivision. The proposed driveway that is the subject of the common driveway agreement is located entirely upon Lot 3. Under the common driveway agreement, Appellants were responsible for the initial cost of installing the driveway and the agreement contemplated that the owners of Lots 1, 2, and 3 would share the cost of maintaining the driveway.

In April 2006, the developer entered into an escrow agreement with Appellants to set aside funds for the construction of the common driveway. Pursuant to the escrow agreement, and in conjunction with Appellants' closing on Lot 3, the developer contributed $33,457.47 for Lot 1 and $50,181.70 for Lot 2 into the escrow account. Appellants placed $83,636.17 into the account. The escrow agreement designated Appellants as the holders and managers of the account.[1]

On April 17, 2006, the Horns acquired title to Lot 2 of the Giblin Subdivision and entered into an assumption agreement with the developer. The assumption agreement acknowledged both the common driveway agreement and the escrow agreement, and provided that the Horns would be responsible under both of these agreements as the owners of Lot 2. When the Horns took title to Lot 2, they reimbursed the developer for $50,181.70, which the developer previously placed in the escrow account as

---

[1] Deposits into the escrow account were apportioned as follows: 20% from Lot 1, 30% from Lot 2, and 50% from Appellants as owners of Lot 3.

Lot 2's share of the cost of the design and installation of the common driveway.

Nancy Schappert was primarily responsible for overseeing the design and construction of the common driveway. Eventually, a dispute emerged over Mrs. Schappert's plans to extend the driveway to a length of 820 feet, as well as the Horns' requests for documentation relating to Mrs. Schappert's spending from the escrow account. As a result, the Horns filed a civil action alleging breach of fiduciary duty and breach of contract to compel Appellants to account for expenditures from the escrow account and to return improperly dispersed funds. The Horns also sought to have Appellants removed as escrow agents and asked the court to substitute them in Appellants' place.

Following a non-jury trial, the court entered judgment in favor of the Horns. After the court denied post-trial relief, Appellants filed a timely notice of appeal. Pursuant to Pa.R.A.P. 1925(b), the court ordered Appellants to file a concise statement of errors complained of on appeal. Appellants timely complied and the trial court issued its Rule 1925(a) opinion on June 26, 2014.

Appellants' brief raises the following issues for our consideration:

Are [Appellants] entitled to the protection of the indemnification and hold harmless provisions in the escrow agreement?

Given evidence of reliance on advice of counsel to which no objection was made and preserved at trial, was it error to

conclude that [Appellants] had engaged in willful misconduct or gross negligence?

Given evidence of reliance on advice of counsel, to which no objection was made and preserved at trial, was it error to deny [Appellants'] motion to conform the pleadings to the evidence presented at trial?

Did the trial court err in placing the Horns in control of [Appellants'] property?

Appellants' Brief at 8 (complete capitalization omitted).[2]

Appellants' opening claim asserts that the trial court erred as a matter of law in concluding that the indemnification provisions found in the parties' escrow agreement did not protect them from claims leveled by the Horns. Noting the language of the escrow agreement, Appellants maintain they are entitled to protection against all forms of liability "up to, but not including, willful misconduct or gross negligence." Appellants' Brief at 6. Appellants asserts that the escrow agreement insulates them from claims involving ordinary negligence, errors in judgment, or mistakes of fact, including their own alleged failures to exercise due care and caution.

The relevant provisions of the parties' escrow agreement state as follows:

4. [Appellants] (A) shall not be liable for any mistake of fact or error of judgment be it [sic] or for any acts or omissions of any kind unless caused by willful misconduct or gross negligence, and shall be entitled to rely and shall be protected in doing so,

---

[2] We have revised Appellants' issues to facilitate a more orderly review of the contentions raised in this appeal.

upon … (ii) the advice of counsel (which counsel may be of [Appellants] own choosing) …

5.     The Parties hereby release and agree to indemnify [Appellants] and hold [Appellants] harmless from and against any and all losses, liabilities and expenses (including reasonable attorney's fees and expenses) incurred by [Appellants] arising out of or in connection with the design, installation, or construction of the Private Drive and the performance by [Appellants] of [Appellants'] duties under the Common Driveway Agreement and hereunder or any dispute between the Parties, hereto, except those resulting from willful misconduct or gross negligence by [Appellants].

Escrow Agreement ¶¶ 4-5.

Pennsylvania law governing the interpretation of clauses that relieve a party of liability for his own negligence is well-settled. "[When] interpreting the validity and enforceability of indemnity clauses [Pennsylvania law does] not recognize as effective an agreement concerning negligent acts unless an express stipulation concerning the indemnitee's negligence was included in the document." *Topp Copy Products, Inc. v. Singletary*, 626 A.2d 98, 100 (Pa. 1993). This principle requires that parties employ express terms to indicate that "the active negligence of the indemnitee will be assumed by the indemnitor." *Id*. at 101.; *Ruzzi v. Butler Petroleum Co.*, 588 A.2d 1, 4 (Pa. 1991) ("if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language").

Relying upon the foregoing principles, the trial court concluded that the parties' escrow agreement did not protect Appellants from liability arising

from their own negligence. After careful review of the parties' agreement and the relevant case law, we concur in the trial court's assessment. General language purporting to preclude liability arising from "any and all acts or omissions" (or similar phrases) is insufficient to protect an indemnitee from his own negligence. *See Ruzzi*, 588 A.2d at 5 (examining enforceability of indemnity clause purporting to "exonerate, discharge, and agree to protect and save harmless and indemnify [an indemnitee] ... from any and all liability for claims for loss, damage, injury or other casualty"). For these reasons, we hold that Appellants' first claim merits no relief.

In their second claim, Appellants assert that, because they "sought and relied upon the advice of counsel throughout their dealings with the common driveway" and because they "meticulously accounted for expenses incurred" during the project, the trial court erred in finding that they committed willful misconduct or gross negligence. At best, given their continued reliance upon the advice of counsel, Appellants maintain that they made only errors in judgment or mistakes as to the facts.

After carefully describing the definitions of gross negligence and willful misconduct under Pennsylvania law, Trial Court Opinion, 6/26/14, at 6-7, the trial court explained in detail the basis for its conclusion that Appellants exhibited gross negligence and willful misconduct within the context of the driveway construction project. Specifically, the trial court found that Appellants committed gross negligence and willful misconduct in the

following ways: (1) Mrs. Schappert failed to consult qualified professionals for advice despite her responsibility for installing the common driveway and her inability to read subdivision plans and professional drawings (this led to the expenditure of escrow funds for Appellants' personal benefit and prevented Appellants from understanding the proper length of the common driveway and determining responsibility to install and maintain a shared storm water trench); (2) Mrs. Schappert used escrow funds to pay her attorney for her settlement but refused to pay for installation of a water line that connected to the Horns' property; (3) Mrs. Schappert used escrow funds for multiple purposes other than the installation and maintenance of the common driveway, including the erection of a boundary fence, lawn maintenance of the easement over which the common driveway passed, and the installation of cobblestones on Appellants' own driveway; (4) Appellants failed to produce the contract for the common driveway and failed to consult the Horns regarding the placement of their driveway connection. *Id.* at 18-20. Apart from their argument that they kept detailed records and consulted with counsel, Appellants have no substantive response to the trial court's determinations. We therefore conclude that this claim merits no relief.

Appellants' third issue asserts that the trial court erred in refusing their request to amend their answer to conform to the evidence introduced at trial. Here, Appellants assert that the trial court should have permitted them to amend their answer four months after trial in order to assert the

affirmative defense of reliance on the advice of counsel. Appellants argue that the Horns would not have been prejudiced by the post-trial amendment since it was well-known that Appellants intended to assert this defense based upon the parties' escrow agreement.

> Pennsylvania Rule of Civil Procedure 1033 provides in pertinent part that "[a] party ... by leave of court, may at any time ... amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new ... defense." Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, after judgment, or after an award has been made and an appeal taken therefrom. Our courts have established as parameter a policy that amendments to pleadings will be liberally allowed to secure a determination of cases on their merits. A trial court enjoys broad discretion in evaluating amendment petitions.
>
> Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party. The prejudice, however, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party. The mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend [by asserting] an affirmative defense which has a substantial likelihood of success.
>
> *      *      *
>
> [D]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion. The timeliness of the request to amend is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh hour surprise.

*Capobianchi v. BIC Corp.*, 666 A.2d 344, 346-347 (Pa. Super. 1995) (internal quotations and citations omitted).

The trial court denied the requested amendment in this case because the record did not support Appellants' contentions. Specifically, the trial court determined that Mrs. Schappert never testified that she relied on the advice of counsel and that counsel's advice was never made a part of the trial court record. We agree with the trial court. The proposed amendment involved a substantial change in Appellants' defense strategy and was never proposed until four months after the closure of the evidentiary record. As such, Appellants' proposed amendment constituted an eleventh-hour surprise.

In their final claim, Appellants assert that the trial court exceeded its authority in replacing them as escrow agents in favor of the Horns. Appellants maintain that this decision effectively transferred their property rights to the Horns. Appellants conclude that only monetary relief should have been available to the Horns.

This claim merits no relief for the reasons set forth in the trial court's opinion filed on June 26, 2014. As the trial court has adequately and accurately addressed this issue, we adopt this portion of the trial court's opinion as our own. *See* Trial Court Opinion, 6/26/14, at 22-23. The parties are instructed to include a copy of the trial court's decision in all future filings involving our disposition of this appeal.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2015