J-A05026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADAM WATSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREAT WOLF RESORTS, INC. | : | No. 1951 EDA 2022 |

Appeal from the Order Entered July 1, 2022,
in the Court of Common Pleas of Monroe County,
Civil Division at No(s): 2665-CV-2021.

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 2, 2023**

Adam Watson appeals from the order sustaining Great Wolf Resorts, Inc.'s ("Great Wolf") preliminary objections for lack of personal jurisdiction and dismissing his complaint in this personal injury action. Upon review, we affirm.

On May 26, 2021, Watson filed a complaint alleging that, on November 24, 2019, he was injured while riding a water slide at a park owned by Great Wolf. After reinstating the complaint multiple times, ultimately, it was served at 1 Great Wolf Drive, Scotrun, Pennsylvania, on January 25, 2022.

In response, on February 16, 2022, Great Wolf filed preliminary objections challenging personal jurisdiction and service. Great Wolf attached to its preliminary objections the affidavit of Craig Johnson, Esq. who stated that he was employed in the legal department of Great Lakes Services, LLC,

a wholly-owned subsidiary of Great Wolf Resorts, Inc. As such, he indicated that he had personal knowledge of the facts set forth in his affidavit. Mr. Johnson stated that Great Wolf was a Delaware corporation with its principal place of business in Madison, Wisconsin and that it does not own or operate the waterpark at 1 Great Wolf Drive, Scotrun, PA 18355 where service was made. He stated that Great Wolf does not conduct any business at 1 Great Wolf Drive, Scotrun, Pennsylvania, and does not conduct any business in Pennsylvania at all. It also has no corporate offices in Pennsylvania, and no one at 1 Great Wolf Drive, Scotrun, Pennsylvania was authorized to accept service of process on its behalf.

Because Great Wolf raised an issue of fact involving a jurisdictional challenge, the trial court directed the parties to take any necessary discovery regarding that issue. The court then held a hearing at which counsel indicated no discovery was taken and offered no evidence to support Watson's claim that the court had personal jurisdiction over Great Wolf. The court sustained Great Wolf's preliminary objections and dismissed Watson's complaint against Great Wolf.

Watson filed this timely appeal. Watson and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Watson raises the following five issues for our review:

A. Whether the [t]rial [c]ourt erred and/or abused its discretion in granting the [p]reliminary [o]bjections filed by [Great Wolf] in this matter, in that the [c]ourt improperly determined that it lacked *in personam* jurisdiction over [Great Wolf] in this matter.

B. Whether the [t]rial [c]ourt erred and/or abused its discretion in granting the [p]reliminary [o]bjections filed by [Great Wolf] and dismissing the within case without affording [Watson] leave to amend the [c]omplaint filed in this matter in accordance with Pa. R.C.P. 1028.

C. Whether the [t]rial [c]ourt erred and/or abused its discretion in granting the [p]reliminary [o]bjections filed by [Great Wolf] in this matter, in that the record reflects that Great Wolf Resorts, Inc. is a proper [d]efendant in this matter.

D. Whether the [t]rial [c]ourt erred and/or abused its discretion in granting the [p]reliminary [o]bjections filed by [Great Wolf] in this matter, in that the [c]ourt improperly determined that service of original process was improperly effectuated upon [Great Wolf] in this matter.

E. Whether the [t]rial [c]ourt erred and/or abused its discretion in granting the [p]reliminary [o]bjections filed by [Great Wolf] in this matter and dismissing the within civil action.

Watson's Brief at 4-5 (reordered for purposes of disposition).

In his first issue, Watson claims that the trial court erred in granting Great Wolf's preliminary objections on the basis that it lacked personal jurisdiction over Great Wolf. Specifically, Watson argues that Great Wolf owns and operates a waterpark in Pennsylvania. As such, Great Wolf has sufficient minimum contacts with Pennsylvania because it has purposefully directed its activities at residents of Pennsylvania and purposefully availed itself of the privilege of conducting business in Pennsylvania. Watson's Brief at 4.

Our standard of review in an appeal from an order granting preliminary objections challenging the exercise of *in personam* jurisdiction is as follows:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of

the facts averred. When sustaining the trial court's ruling will result in the denial of a claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

Moreover, when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it.

*Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 889 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (2013) (citations omitted). "Courts must resolve the question of personal jurisdiction based on the circumstances of each case." *Mendel v. Williams*, 53 A.3d 810, 816–817 (Pa. Super. 2012) (quotation omitted).

Here, upon receiving Great Wolf's preliminary objections, the trial court directed the parties to take discovery to resolve the jurisdictional issue stating:

When an issue of fact is raised, the court may not decide a jurisdictional challenge as a matter of law based upon its own view of the controverted facts. When the parties' submissions raise an issue of fact as to the scope of a defendant's activities within the Commonwealth, the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition before ruling on the preliminary objections. In that event, it is appropriate to allow the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise.

Trial Court Opinion, 3/25/22, at 2-3 (quotations and citations omitted). However, as the trial court observed, no discovery was conducted, and no evidence was offered to support Watson's claim of personal jurisdiction. In ruling on Great Wolf's objections, the trial court explained:

> It was Mr. Watson's burden to present evidence establishing a basis for personal jurisdiction. This evidence would also have been relevant on the question of whether Great Wolf Resorts had anything to do with Watson's alleged injury . . . . As Great Wolf Resorts' objection was unrebutted, I sustained the preliminary objections and dismissed the complaint.

*Id.* at 4.

Upon review we note that Watson does not address his failure to conduct discovery or present evidence at the hearing. Instead, Watson simply claims that Great Wolf's assertions are without merit. These unsubstantiated claims are not enough to rebut Great Wolf's affidavit. Consequently, because Watson presented no evidence to challenge Great Wolf's affidavit in support of its preliminary objections or establish jurisdiction over Great Wolf, we conclude that the trial court did not err or abuse its discretion in sustaining Great Wolf's preliminary objections, and Watson's first issue fails.

In his second issue, Watson claims that the trial court erred in sustaining Great Wolf's preliminary objections and dismissing Watson's case without giving Watson the opportunity to amend his complaint pursuant to Pa.R.C.P. 1028. Specifically, Watson agues that he could have cured the alleged deficiencies by filing an amended complaint with additional information regarding personal jurisdiction over Great Wolf, and or included additional

defendants, namely entities related to Great Wolf, such as Great Wolf Lodge of the Poconos, LLC, and/or Great Wolf Resorts Holdings, Inc., as parties. Watson's Brief at 13. Similarly, in his third issue, Watson claims that Great Wolf is a proper party to the litigation. *Id.* at 15.

Pennsylvania Rule of Civil Procedure 1033(a) allows for "[a]n amendment correcting the name of a party against whom a claim has been asserted against in the original pleading" if certain conditions are met. And, generally, amendments to pleadings are to be liberally allowed*. See Capobianchi v. Bic Corp.*, 666 A.2d 344, 446 (Pa. Super. 1995). Here, however, we observe, as the trial court did, that Watson made no request to amend his complaint.[1] Instead, Watson waited until August 2, 2022, to raise it for the first time in a motion for leave to amend complaint and reinstate his case. This was more than 30 days from the date of the court's order sustaining Great Wolf's preliminary objections and after Watson filed a notice of appeal. At that point, the trial court no longer had jurisdiction. Thus, Watson failed to timely request leave to amend the complaint before the trial court. Watson cannot raise this issue for the first time on appeal; it is therefore waived. Pa.R.A.P. 302(a). Watson also failed to timely join Great Wolf. Thus, Watson's second and third issues fail.

---

[1] Watson could have done so without leave of court within 20 days after service of a copy of the preliminary objections. Pa.R.C.P. 1028(c)(1).

Because of our disposition on these issues, we need not address Watson's remaining issues.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023

---

[2] The service issue is moot, and the final issue was subsumed by the first four issues.