J-S36018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE: FOR RCF2 ACQUISITION TRUST | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | No. 532 MDA 2024 |
| ROBERT M. ORLANDO | : : | |
| Appellant | : | |

Appeal from the Order Entered March 6, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2019-12646

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: DECEMBER 30, 2024**

Robert M. Orlando appeals from the entry of summary judgment in favor of U.S. Bank National Trust National Association, not in its individual capacity but solely as owner trustee for RCF2 Acquisition Trust ("U.S. Bank"), in this mortgage foreclosure action. Orlando argues that the trial court improperly denied his motion to amend his answer and new matter – he filed the motion more than four years after U.S. Bank effectuated service of the foreclosure complaint, and approximately one month before the date set for trial – to allege he did not sign the subject mortgage. He also challenges the entry of summary judgment against him. We affirm.

The trial court summarized the facts as follows:

On October 15, 2019, [U.S. Bank] filed its complaint.[1] The case was placed into the Luzerne County Residential Mortgage Foreclosure Diversionary Program (the "Program") on November 4, 2019 and [Orlando] filed his [a]nswer and [n]ew [m]atter on November 15, 2019. The case remained in the Program until it was removed on January 21, 2022.

The case was first scheduled for a non-jury trial on August 17, 2023. The trial was continued to October 24, 2023 to permit Orlando's new counsel time to prepare. On October 10, 2023, Orlando filed a pre-trial memorandum stating he intended to raise the defense that he never executed the mortgage. [US. Bank] filed a motion in limine to preclude Orlando from raising this defense. The October 24, 2023 trial was continued to November 3, 2023 and was again continued to December 6, 2023 as [U.S. Bank's] witness was unavailable for trial. On November 9, 2023, Orlando filed his [p]etition for [l]eave to [a]mend [a]nswer to [U.S. Bank's c]omplaint to amend his defense that he never executed the mortgage and accompanying note. This [c]ourt denied the petition on November 30, 2023. On December 4, 2023, [U.S. Bank's] counsel notified this [c]ourt of a positive COVID testing at their firm and the trial was continued to January 5, 2024. On December 21, 2023, [U.S. Bank] had retained new counsel. On January 2, [U.S. Bank] filed its Emergency Motion to Continue Trial to provide time for its new counsel to prepare for trial, which was granted that same day. The trial was then scheduled for January 31, 2024.

On January 18, 2024, [U.S. Bank] filed its [s]econd [m]otion for [s]ummary [j]udgment and its brief in support thereof, as well as another Emergency Motion to Continue Trial as it prepared for trial. This [c]ourt granted the continuance with the caveat that another continuance would not be granted unless of an emergency. Trial was scheduled for March 28, 2024 and oral argument on [U.S. Bank's m]otion for [s]ummary [j]udgment was scheduled for March 6, 2024. [Orlando] never submitted a brief in opposition to the [m]otion for [s]ummary [j]udgment. On March 6, 2024,

_____

[1] The complaint was served on October 22, 2019.

- 2 -

this [c]ourt granted summary judgment for [U.S. Bank].
[Orlando] filed the instant appeal on April 5, 2024.

Trial Court Opinion, filed 6/4/24, at 1-2 (unpaginated) (footnote omitted).

Orlando raises the following issues:

1. Whether the [l]ower [c]ourt committed an error of law in denying [Orlando's] [p]etition for [l]eave to [a]mend [his a]nswer in order to raise an additional defense that [Orlando] did not execute the subject Note and Mortgage that is the basis for [U.S. Bank's] foreclosure.

2. Whether the [l]ower [c]ourt committed an error of law in granting [s]ummary [j]udgment when there were genuine issues of material facts outstanding concerning whether [Orlando] executed the disputed note and mortgage.

3. Whether the [l]ower [c]ourt committed an error of law in entertaining a [m]otion for [s]ummary [j]udgment filed on the eve of trial while both parties were preparing for trial[.]

Orlando's Br. at 4.

Orlando first agues the trial court erred in denying his petition for leave to amend his answer to U.S. Bank's complaint. He asserts that he sought to amend his answer to formally raise the defense that he did not sign the note and mortgage that are the basis of this foreclosure action. *Id.* at 7. Orlando contends that at all relevant times, he was a long-distance truck driver and his daily driver's logs would have shown that on the date he is alleged to have signed the subject note and mortgage, he was in California. *Id.* at 10. According to Orlando, upon his "review of the records at the Luzerne County Recorder's office, he discovered many other mortgages allegedly between him

and [U.S. Bank] which he had no knowledge of." *Id.* He maintains that the "amendment would have permitted [him] to have an adjudication of his case on the full merits, including if the subject [n]ote and [m]ortgage were valid." *Id.* at 15.

We review orders denying leave to amend pleadings for abuse of discretion. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 148 (Pa.Super. 2002).

Pennsylvania Rule of Civil Procedure 1033(a) provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend the pleading." Pa.R.C.P. 1033(a). "A trial court enjoys broad discretion in evaluating amendment petitions." *Capobianchi v. BIC Corp.*, 666 A.2d 344, 346 (Pa.Super. 1995). Amendments are "liberally allowed to secure a determination of cases on their merits." *Id.* (citation omitted). However, "[d]espite this liberal amendment policy, . . . an amendment will not be permitted where it is against a positive rule of law, or where the amendment will surprise or prejudice the opposing party." *Id.* (citation omitted). The timeliness of a party's request to amend "is a factor to be considered, but it is to be considered only insofar as it presents a question of prejudice to the opposing party, as by loss of witnesses or eleventh[-]hour surprise." *Id.* at 347 (citation omitted).

Here, the trial court explained why it denied Orlando's petition for leave to amend:

> [T]his action was brought in October 2019. The parties had been participating in a mediation program from November 2019 through January 2022. Once removed from

- 4 -

the Program, the non-jury trial was scheduled and then rescheduled several times. [Orlando's] first mention that he did not execute the mortgage occurred less two weeks before the scheduled trial date of October 24, 2023. The trial was then rescheduled twice, first to November 3 and then to December 6, 2023. On November 9, less one month before trial, [Orlando] sought to amend his [a]nswer to include this defense. [U.S. Bank] claimed that it was unfairly prejudiced because it had not had the opportunity to make a timely claim to the title insurer, ensure counsel was assigned to handle the title issue, or to conduct discovery for this defense. Orlando's deposition was never taken as [Orlando] had not raised this issue for the years preceding this [p]etition. Further, [Orlando] had made over ten years' worth of payments and been actively participating in loss mitigation through [the] Program only to claim less than one month before trial that he had never executed the mortgage and accompanying note. This [c]ourt found that [U.S. Bank] had been unfairly prejudiced by this eleventh-hour defense.

Trial Ct. Op. at 4 (unpaginated).

The court did not abuse its discretion in denying Orlando's petition for leave to amend. Orlando's petition was filed approximately four years after both service of the complaint and his original answer to the complaint. The motion was also filed slightly less than one month before the then-established trial date. The court properly considered that allowance of the proposed amendment would result in undue prejudice and eleventh-hour surprise to U.S. Bank. **See Capobianchi**, 666 A.2d at 347. Orlando cites extensions of the trial date that occurred after the trial court denied his motion to argue that granting the amendment would have occasioned U.S. Bank no prejudice. That is not the correct inquiry. The trial court is not expected to be prescient. The

issue is whether the record at the time the court denied the motion supports its determination. Here, it does. No relief is due.

Orlando next argues the court erred in granting summary judgment in favor of U.S. Bank. He claims that there were genuine issues of material fact concerning whether he executed the note and mortgage. Orlando's Br. at 18. Orlando asserts that the records at the Luzerne County Recorder of Deeds' Office indicate that there are numerous alleged mortgages between himself and U.S. Bank that he had no knowledge of, "including two on the exact same day, [which] certainly created an issue of material fact." *Id.* at 10, 18.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Nicolaou v. Martin*, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* We "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 892. Our standard of review is *de novo* and our scope of review is plenary. *Id.*

In responding to a motion for summary judgment, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa.Super. 2014) (citing Pa.R.C.P. 1035.3).

- 6 -

Pursuant to Rule 1035.3(d), "[s]ummary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3(d). The note to Rule 1035.3(d) states that "[p]rocedural requirements with respect to argument and briefs are governed by local rule" and "[i]n certain counties, the failure to respond to a motion may result in the motion being deemed uncontested and the entry of the judgment sought." Pa.R.C.P. 1035.3(d), Note.

Luzerne County Rule of Civil Procedure 1035.2(a) sets forth the procedure when a motion for summary judgment is filed. It states, in relevant part:

> (c) Within thirty (30) days after service of the motion for summary judgment, supporting brief, and proposed order, any party wishing to contest the same **shall** file a comprehensive brief in opposition with the Clerk of Judicial Records and serve the same upon all parties and the District Court Administrator who shall then assign it to a Judge and shall so notify all parties.
>
> ***
>
> (e) If the party filing the motion for summary judgment fails to file a comprehensive brief, as required by this Rule, the motion for summary judgment shall be dismissed by any opposing party presenting a proposed order to the Motions Judge. **If any opposing party fails to file its brief in opposition within the time provided in this rule, that party shall be deemed not to oppose the motion for summary judgment and the Judge to whom the assignment has been made shall dispose of it in accordance with the law as a matter of course.**

Luz. Co. R.C.P. No. 1035.2(a)(c), (e) (emphasis added).

Here, Orlando failed to file a brief in opposition of U.S. Bank's motion for summary judgment. Thus, the court properly deemed Orlando not to

oppose the motion and granted summary judgment in favor of U.S. Bank. **See id.** Orlando's argument in this Court that there were genuine issues of material fact as to whether he signed the subject note and mortgage is waived. **See Pa. Bankers Ass'n v. Pa. Dep't of Banking**, 962 A.2d 609, 621 (Pa. 2008) (stating "issues raised for the first time on appeal are waived"); Pa.R.A.P. 302(a).

Orlando's final claim is that the court erred in entertaining a motion for summary judgment on the eve of trial. He argues, "With all the genuine issues of fact surrounding the various alleged notes and mortgages, the parties should have been permitted to proceed to trial in order to allow a factual determination of those disputed facts." Orlando's Br. at 19 (unpaginated).[2] Orlando offers no citation to any authority to support this argument. It is therefore waived. **See Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa.Super. 2014). In any event, the argument is meritless. As previously set forth, the court's entry of summary judgment was appropriate.

Order affirmed.

---

[2] Although other pages in Orlando's brief are paginated, the page on which this argument appears does not contain a page number. The preceding page bears page number 18, but Orlando incorrectly numbered the page *after* the page on which this argument appears as number 19.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/30/2024